## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

GREAT EASTERN SECURITIES INC.,

       Plaintiff,

vs.

GOLDENDALE INVESTMENTS LTD.
and SILVERSTEIN INVESTMENTS,
LTD.,

       Defendants.

CIVIL ACTION NO. 06-CV-6667

---

**MEMORANDUM OF LAW IN REPLY TO DEFENDANTS' BRIEF IN OPPOSITION
TO GREAT EASTERN SECURITIES, INC.'S PETITION TO VACATE AN INTERIM
ARBITRATION AWARD AND OPPOSITION TO DEFENDANTS' CROSS-MOTION
TO CONFIRM THE INTERIM ARBITRATION AWARD**

---

STARK & STARK
A Professional Corporation
PO Box 5315
Princeton, New Jersey 08543-5315
(609) 896-9060
Attorneys for Plaintiff, Great Eastern Securities, Inc.

OF COUNSEL AND ON THE BRIEF:
TIMOTHY P. DUGGAN, ESQUIRE
JOHN E. MACDONALD, ESQUIRE

## <u>TABLE OF CONTENTS</u>

**PAGE**

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT

      POINT ONE
      The Interim Award Should be Vacated Because the NASD Panel Exceeded Its
      Authority by Ordering the Pre-Hearing Escrow . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

          A.     As the parties' underlying agreement did not reference or authorize the
                 posting of a bond, line of credit, or similar security, the Panel lacked the
                 authority to order Great Eastern to post escrow  . . . . . . . . . . . . . . . . . . . . . . . . 4

          B.     The Uniform Submission Agreement does not address the posting of
                 escrow and, accordingly, the Panel lacked the authority to order Great
                 Eastern to post escrow  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

          C.     The Panel further lacked the authority to order escrow as the injunctive
                 form of relief was never requested in the prayer of relief of Claimants'
                 Statement of Claim  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      POINT TWO
      The Interim Award Should be Vacated Because it was Issued in Manifest
      Disregard of the Well-Defined, Explicit and Clearly Applicable Authority of
      CPLR § 7502(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

          A.     Since money damages are the only relief being sought, Defendants
                 were not entitled to an injunction or attachment . . . . . . . . . . . . . . . . . . . . . . . . 10

          B.     The NASD arbitrators ignored the clear standard for attachment . . . . . . . . . . . 10

          C.     The arbitrators failed to consider the impact on Great Eastern as
                 required under the law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

      POINT THREE
      Claimants Are Not Entitled to an Award of Attorneys Fees as Concerns the
      Pending Petition to Vacate and Their Own Cross-Motion to Confirm the
      Interim Award  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**TABLE OF CITATIONS**

**CASES CITED**                                                                 **PAGE**

Abram Landau Real Estate v. Bevona, 123 F.3d 69 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . 4

AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643,
   106 S.Ct. 1415, 89 L.Ed 2d 648 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Banco de Seguros Del Estado v. Mutual Marine Office, Inc., 344 F.3d 255
   (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 8

Blue Sympathy Shipping Co., Ltd. v. Serviocean Int'l. S.A., 1994 WL 597144
   (S.D.N.Y. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Cullman Ventures, Inc. v. Conk, 252 A.D.2d 222, 682 N.Y.S.2d 391 (1st Dep't 1998) . . . . . . . 9

Erickson v. Kidder Peabody & Co., 166 Misc.2d 1, 630 N.Y.S.2d 861
   (N.Y.Cty. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 11

First Interregional Equity Corp. v. Haughton, 842 F.Supp. 105 (S.D.N.Y. 1994) . . . . . . . . . . 8

Glazer & Gottlieb v. Nachman, 650 N.Y.S.2d 717 (1st Dep't 1996) . . . . . . . . . . . . . . . . . . . 10

Haggiag v. Brown, 728 F.Supp. 286 (S.D.N.Y. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Interpetrol Bermuda Ltd. v. Trinidad and Tobago Oil Co., Ltd., 135 Misc.2d 160,
   513 N.Y.S.2d 598 (N.Y.Cty. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

In the Matter of the Arbitration Between Northwestern Nat'l Ins. Co. v. General
   Mexico Compania de Seguros, S.A., 2000 WL 520638, (S.D.N.Y. May 1, 2000) . . . . . . . . . 5

Katz Agency, Inc. v. Evening News Association, 514 F.Supp. 423 (S.D.N.Y. 1981) . . . . . . . 11

K.W.F. Realty Corp. v. Kaufman, 16 A.D.3d 688, 793 N.Y.S.2d 67 (S.D.N.Y. 2005) . . . . . . 9

Merit Ins. Co. v. Leatherby Ins. Co., 737 F.2d 580 (7th Cit. 1984) . . . . . . . . . . . . . . . . . . . . 13

Michaels Electrical Supply Corp. v. Trott Electric Inc., 647 N.Y.S.2d 839
   (2nd Dep't 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Recyclers Ins. Group, Ltd. v. Ins. Co. of North America, 1992 WL 150662
   (E.D.Pa. June 15, 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

SG Cowen Securities Corp. v. Messih, 224 F.3d 79 (N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . .  9

Slavin v. Rose, 156 A.D.2d 194, 548 N.Y.S.2d 451 (1st Dep't 1989) . . . . . . . . . . . . . . . . . . . 10

Swift Industries, Inc. v. Botany Industries, Inc., 466 F.2d 1125 (3d Cir 1972) . . . . . . . . . . . . 14

United Steel Workers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593,
   80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Yasuda Fire & Marine Ins. Co. of Europe, Ltd. v. Continental Casualty Co.,
   37 F.3d 345 (7th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Westerbeke Corp. v. Daihatsu Motor Co., Ltd., 304 F.3d 2000 (2d Dir. 2002) . . . . . . . . . . . . 3

**STATUTES/RULES**

**New York Civil Procedure Law and Rules:**

Section 7502(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Article 62 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8, 9

Article 63 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8, 9

## INTRODUCTION

Petitioner, Great Eastern Securities, Inc. ("Great Eastern"), submits this Memorandum of Law in Reply to Claimants-Defendants Goldendale Investments, Ltd. ("Goldendale") and Silverstein Investments, Ltd. ("Silverstein") (collectively referred to herein as "Claimants") opposition to its Petition seeking to vacate an Interim Order entered by a National Association of Securities Dealers, Inc. ("NASD") arbitration panel ("the Panel") and in opposition to Claimants' cross-motion to confirm the Interim Order.[1]

As set forth more fully in Great Eastern's initial brief, the NASD Arbitrators exceeded their authority and disregarded the law by: (a) determining that the NASD Arbitrators have authority to issue an injunction and attachment; (b) determining that the claimants were not required to file an action in the Supreme Court of New York under section 7502(c) of the New York Civil Procedure Law and Rules ("CPLR"); (c) failing to apply the strict requirements of Article 62, Article 63 and section 7502(c) of the CPLR; and (d) fashioning there own remedy contrary to the law.

The pre-hearing escrow awarded by the Panel falls somewhere between an injunction and pre-judgment attachment. The NASD Code of Arbitration Procedure simply does not authorize arbitrators to enter pre-award attachments and injunctions. Rather, parties are required to follow the CPLR (or procedural requirements of the applicable state) when seeking such drastic relief as attachments and injunctions.

Assuming, *arguendo*, that the NASD Panel did in fact have authority, they misapplied the clear legal requirements of section 7502 of the CPLR. First, Claimants failed to even come close

---

[1]A copy of the August 25, 2006 Interim Order is annexed as Exhibit "J" to the Certification of Timothy P. Duggan ["Duggan Cert."] submitted in support of the petition to vacate.

to establishing a case under Article 62 (Attachments), especially in light of the clear judicial mandate that attachment is strictly construed in favor of those against whom it may be employed.  Further, the Panel failed to consider how the Interim Order would impact Great Eastern's business and whether the escrow will cause Great Eastern to close its business for good.

Accordingly, the Court should vacate the Interim Order and require the Claimants to adhere to the procedure rules set forth in § 7502(c) of the CPLR.

## LEGAL ARGUMENT

### POINT ONE

### The Interim Award Should be Vacated Because the NASD Panel Exceeded Its Authority By Ordering the Pre-Hearing Escrow

As more fully set forth in Great Eastern's initial brief, the Panel exceeded its authority by ordering the pre-hearing escrow in this matter, as neither the NASD Code authorized the Panel to issue such relief and as jurisdiction over the application is vested not with the arbitrators, but with the Supreme Court of New York.

Claimants defend this argument by erroneously asserting that the Arbitration Agreement and the Uniform Submission Agreement confer the power upon the Panel to issue the escrow.  The agreements, however, do not.  Claimants further assert that arbitration panels routinely issue pre-hearing escrow orders and District Courts routinely uphold such interim orders. (Claimants' Brief ["Brf."] at 8.)  This assertion is misleading and inapposite to this case.

In instances where the underlying agreements of the parties contemplate the posting of securities (such as bonds or letters of credit), arbitration panels have been deemed to be authorized to order the posting of escrow or other security and district courts have upheld such decisions. Where, as is the case here, however, the underlying agreement does not contemplate the posting of

any such security - whether within the arbitration clause or anywhere else - the arbitrators lack the authority to order such relief and reviewing courts will not confirm such unauthorized awards.

Here, the Panel lacked the authority - based upon both the underlying agreement between the parties and the Uniform Submission Agreement -  to issue an interim award requiring the posting of escrow in this matter.  Accordingly, the Panel exceeded its authority in so ordering Great Eastern to post an escrow.

When a party challenges an arbitral award on the grounds that the arbitrators exceeded their powers, a court's inquiry focuses on whether arbitrators had the power, based on the parties' submissions or the arbitration agreement, to grant the relief at issue.  Westerbeke Corp. v. Daihatsu Motor Co., Ltd, 304 F.3d 200, 220 (2d Cir. 2002)(citation omitted).

There is no dispute that judicial review of an arbitration panel's award is very limited. Banco de Seguros Del Estado v. Mutual Marine Office, Inc., 344 F.3d 255, 260 (2d Cir. 2003). Great Eastern also recognizes that arbitrators are afforded flexibility when it comes to formulating remedies to meet a wide variety of situations. United Steel Workers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597-98 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).

Nevertheless, an arbitrator is "confined to interpretation and application" of the agreement; "he does not sit to dispense his own brand of industrial justice." Id.  While arbitrators  may look for guidance from many sources, their award "is legitimate only so long as it draws its essence from" the agreement.  Id.  Where an arbitration clause is broad, as it is here, arbitrators have the discretion to order remedies they deem appropriate, *so long as they do not exceed the power granted to them by the contract itself.*  See AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 651, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)(stating that arbitrators must not be allowed to "impose obligations outside of the contract")(emphasis added).  When an arbitrator fails to meet

3

this obligation, courts have no choice but to refuse enforcement of the award.  <u>United Steel Workers,</u>

363 U.S. 593 at 597-98.; <u>Abram Landau Real Estate v. Bevona,</u> 123 F.3d 69, 74-75 (2d Cir.

1997)(award cannot stand if arbitrator exceeded his authority).

A.   **As the parties' underlying agreement did not reference or authorize the posting of a bond, line of credit, or similar security, the Panel lacked the authority to order Great Eastern to post escrow.**

It is "fundamental that the authority of the arbitrator springs from the agreement to arbitrate."

<u>Swift Industries, Inc. v. Botany Industries, Inc.,</u> 466 F.2d 1125, 1131 (3d Cir 1972).  The arbitration

clause at issue is fairly standard:

> Any and all controversies, disputes or claims between... [Great Eastern and
> Goldendale and Silverstein] arising out of, in connection with, from or respect to...(c)
> Any controversy arising out of [Goldendale and Silverstein's accounts] shall be
> conducted pursuant to the Code of Arbitration Procedure of the NASD....

(A copy of the Agreement is annexed at Exhibit 5 to the Declaration of Eduard Korinsky ["Korinsky

Decl."] submitted in opposition to the petition to vacate and in support of the cross-motion to

confirm the Interim Award.)

Neither in this provision nor elsewhere in the Agreement is there mention of a bond as a form

of remedy in the event of breach.  Here, the parties never contemplated a bond as the means of

making an aggrieved party whole.

Claimants argue that, because the Agreement does not contain a provision *excluding* the

consideration of a bond from arbitration, and that since the arbitration clause is "broad," the remedy

of a bond should be considered included and available to the arbitrators, as it had not been

specifically excluded by the Agreement.  This argument, however, must fail as a matter of law.

<u>Swift,</u> 466 F.2d at 1133 (Essence of arbitrators' authority distilled from the underlying agreement

to arbitrate does not include the authority to order a bond to cover a potential future liability in a

situation where the parties did not provide for such security in their agreement, although they might have done so.)

In support of their argument that the Agreement and the Uniform Submission Agreement confer the requisite authority upon the arbitrators to order the interim escrow award, Claimants assert that "courts have repeatedly confirmed such interim awards." (Brf. at 9).

This statement is partially true. Several courts, both within this Circuit and elsewhere, have held that arbitrators were authorized to order the posting of a security pursuant to standard, broad arbitration clauses such as the one present in this case. In such instances, however, the agreements contained contractual provisions that contemplated the posting of some form of security instrument in addition to the presence of broad arbitration clauses. Yasuda Fire & Marine Ins. Co. of Europe, Ltd. v. Continental Casualty Co., 37 F.3d 345 (7th Cir. 1994)(arbitration panel's interim award requiring posting of letter of credit pending final arbitration derived authority from essence of contract and did not exceed arbitrators' authority - even though provision entitling party to letter of credit upon request was separate from arbitration clause - because the parties' contemplated the use of instruments of security in their agreement.); Banco de Seguros Del Estado v. Mutual Marine Office, Inc., 344 F.3d 255 (2d Cir. 2003)(the posting of pre-hearing security did not represent the panels' "own brand of justice" when agreement did not preclude posting of security, but instead contained clause requiring party to post letter of credit); In the Matter of the Arbitration Between Northwestern Nat'l Ins. Co. v. Generali Mexico Compania de Seguros, S.A., 2000 WL 520638, *11, fn13 (S.D.N.Y. May 1, 2000)(the agreement authorized the panel to order a security in the event a party was unable to establish escrows as provided under the agreement).

The distinction is important. In each case, the courts found that because the parties had contemplated the posting of security instruments in other sections of the agreements - for various

purposes - they had contemplated that form of relief and, therefore, arbitrators can draw the authority to order the posting of a security from the agreements.  Absent the inclusion of such "other" provisions within the underlying agreements, arbitrators lack the authority to order the posting of escrow or other security pending a final arbitration award.

Great Eastern does not dispute the proposition that the authority for an arbitration panel's award can be rationally derived from the terms of the entire agreement and not merely the arbitration clause of the agreement.  Here, however, there is no reference to or contemplation of the posting of a security instrument between the parties.  Accordingly, the arbitrators lacked the authority to order the posting of escrow pending the outcome of this matter.  See Recyclers Ins. Group, Ltd. v. Ins. Co. of North America, 1992 WL 150662 (E.D.Pa. June 15, 1992)(an interim arbitration award requiring party to post escrow cannot be rationally derived from terms of the agreement where nowhere in the agreement, whether in the arbitration clause or elsewhere, is it stated that a party could be required to post security).

**B.    The Uniform Submission Agreement does not address the posting of escrow and, accordingly, the Panel lacked the authority to order Great Eastern to post escrow.**

Paragraph 1 of the Uniform Submission Agreement[2]  states:

> The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, cross claims and all related counterclaims and/or third party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations and/or Code of Arbitration Procedure of the sponsoring organization.  (Emphasis added).

There is nothing in the Uniform Submission Agreement that addresses the provision of security - including the posting of escrow.  Nor is there any language in the NASD Code of

---

[2]A copy of the Uniform Submission Agreement executed by Great Eastern is annexed as Exhibit 6 to the Korsinsky Declaration.

6

Procedure which authorizes arbitration panels to issue injunctive, pre-hearing orders mandating the posting of escrow.  Further, and as addressed below, the Claimants' Statement of Claim did not seek escrow or other form of injunctive relief.  For the reasons set forth in Section A, supra, the Panel lacked authority to award pre-hearing escrow in this matter.

**C.     The Panel further lacked the authority to order escrow as the injunctive form of relief was never requested in the prayer of relief of Claimants' Statement of Claim.**

Claimants contend that because, by their Statement of Claim[3], they seek compensatory damages in the amount of $480,000, they have properly placed the issue of whether to escrow this amount in dispute.[4]  Specifically, Claimants contend that "by deciding whether Great Eastern should escrow the $480,000.00 in dispute, the Panel was deciding an issue of the very controversy brought pursuant to the Uniform Submission Agreement."  (Brf. at 8.) Yet, this is simply not the case.

The controversy Claimants placed before the Panel is whether they are entitled to $480,000 in compensatory damages.  They never sought the relief of escrow in their Statement of Claim.  The amount of compensatory damages sought - in and of itself - does not create a basis by which to authorize the interim, injunctive relief.  The issue (whether Claimants were entitled to obtain pre-hearing escrow) was never set forth in the Statement of Claim as either an issue or within their prayer for relief.

Indeed, in the Interim Award itself, the Panel states: "Claimants are not seeking damages in this prong of their complaint; rather, Claimants seek to protect the recovery of their property by placing the disputed amount in escrow."  There has been no determination that this disputed amount

---

[3]Claimants' subsequently filed a First Amended Statement of Claim.  Neither the initial nor Amended Statement of Claim sought an award of escrow.  All remaining references to the Statement of Claim are made to the First Amended Statement of Claim ("Statement of Claim").

[4]A copy of the First Amended Statement of Claim is annexed at Exhibit 7 to the Korsinsky Declaration.

is "Claimants' property."  Moreover, Claimants <u>only</u> sought money damages in each prong of their

Statement of Claim.  No injunctive relief was requested.

     Accordingly, the Panel was not authorized - by either the agreements between the parties or

by the Statement of Claim submitted by Claimants - to consider the issuance of pre-hearing interim

relief in this matter.   Moreover, and as more fully set forth in Great Eastern's initial brief, as

jurisdiction over an application for injunctive relief/attachment in aid of arbitration pursuant to

CPLR § 7502(c) lies solely within the Supreme Court of New York - and not the NASD arbitration

panel - the Panel exceeded the scope of its authority in even entertaining the application for the

interim, injunctive relief.

## POINT TWO

### The Interim Award Should Be Vacated Because it was Issued In Manifest Disregard of the Well-Defined, Explicit and Clearly Applicable Authority of CPLR §7502(c).

     As set forth more fully in Great Eastern's initial brief, even assuming, *arguendo*, that the

NASD Arbitrators had the authority to enter the Interim Order, they did so in violation of the

established standards under New York law.  An arbitral award may be vacated for manifest disregard

of the law "only if a reviewing court . . . finds both that (1) the arbitrators knew of a governing legal

principle yet refused to apply it or ignored it, and (2) the law ignored by the arbitrators was well

defined, explicit, and clearly applicable to the case.  <u>Banco de Seguros del Estado v. Mutual Marine</u>

<u>Office</u>, 344 F.3d 255, 263 (2d. Cir. 2003) (reviewing arbitration award from insurance arbitration);

<u>First Interregional Equity Corp. v. Haughton,</u> 842 F.Supp. 105 (S.D.N.Y. 1994).

     CPLR §7502(c) specifically states that Article 62 (Attachments) and Article 63 (Injunctions)

apply to applications for provisional remedies.  Therefore, for the NASD Arbitrators to enter any

type of attachment or injunction, they must adhere to the procedural and substantive requirements

of the CPLR and existing case law - a task they failed to do.  The law was clearly laid out in the briefs filed by Great Eastern and was simply ignored by the NASD Arbitrators.

In opposition to the petition to vacate, Claimants reassert their factual allegations and maintain that the Panel did not manifestly disregard the applicable legal standard governing the issuance of an injunction/attachment in the aid of arbitration, but that it simply chose to adopt Claimants' interpretation of what CPLR §7502(c) requires. This is a red herring.  CPLR §7502(c) is well-defined, explicit and clearly applicable.   Its prerequisites do not require creative interpretation.   They are clear.   Thus, this is not an issue of whether the arbitrators simply misinterpreted or misapplied the standard required by CPLR §7502(c), rather, it is a question of whether the Panel simply ignored the clear requirements of the regulation.

Claimants erroneously maintain that the Panel properly applied CPLR §7502(c) "consistent with the case law holding that one must only demonstrate a final award would be rendered ineffectual absent the escrow." (Brf. at 13).   This is not a correct statement of the law.  Although CPLR §7502(c) replaces the grounds which petitioners must establish for an attachment or injunctive relief in that they need not demonstrate sinister maneuvers or fraudulent conduct which would otherwise need to be shown in order to provide grounds for an attachment (see CPLR 6201, 6301), a party must still establish, among other things, a valid cause of action and grounds for relief. Erickson v. Kidder Peabody & Co., 166 Misc.2d 1, 630 N.Y.S.2d 861 (N.Y.Cty. 1995); K.W.F. Realty Corp. v. Kaufman, 16 A.D.3d 688, 793 N.Y.S.2d 67 (S.D.N.Y. 2005).

Thus, in addition to the potential ineffectiveness of the arbitration award, a party seeking an injunction must show "a likelihood of success on the merits, irreparable injury [and] that the equities balance in their favor."  Cullman Ventures, Inc. v. Conk, 252 A.D.2d 222, 230, 682 N.Y.S.2d 391, 396 (1st Dep't 1998) see also, SG Cowen Securities Corp. v. Messih, 224 F.3d 79 (N.Y. 2000).  As

the Panel ignored these requirements and this requisite analysis, it acted in manifest disregard of the

law and its interim order should be vacated.

**A.     Since money damages are the only relief being sought, Defendants were not entitled to an injunction or attachment.**

Pursuant to CPLR §7502(c):

> The supreme court ... may entertain an application for an order of attachment or for a preliminary injunction in connection with an arbitrable controversy, but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief.

Although Claimants contend they were entitled to the extraordinary relief of a temporary

restraining order, it is clear from controlling authority that they were not.  Claimants request for

injunctive relief should have been flatly denied because only money damages are sought in the

underlying claims.

> By its terms, CPLR 7502(c) replaces only the "grounds" which must be established for a grant of an attachment or injunctive relief .... Therefore, a party seeking provisional relief under CPLR 7502(c) must still establish, among other things, the existence of a valid cause of action and grounds for relief.... <u>Regardless of the grounds upon which relief is sought, an injunction is not available where the underlying claim seeks only money damages.</u>

<u>Erickson,</u> 166 Misc.2d 1, 630 N.Y.S.2d 861, 862 (N.Y.Cty. 1995) (*citing* <u>Slavin v. Rose</u>, 156 A.D.2d

194, 548 N.Y.S.2d 451 (1st Dep't 1989).

According to Claimants' own papers, they claim only money damages.  Clearly, then, they

were not entitled to the injunctive relief, which they were granted, and the restraints therefore must

be dissolved and the Interim Order vacated.

**B.     The NASD arbitrators ignored the clear standard for attachment.**

It is widely held that attachment is a harsh remedy, and the statute is strictly construed in

favor of those against whom it may be employed.  <u>Glazer & Gottlieb v. Nachman</u>, 650 N.Y.S.2d 717

10

(1st Dep't 1996); see also, Michaels Electrical Supply Corp. v. Trott Electric Inc., 647 N.Y.S.2d 839, 840 (2nd Dep't 1996).

Here, Great Eastern continues in business and is still actively defending litigation. Accordingly, Claimants cannot meet their burden of showing that Great Eastern is not an ongoing business entity capable of satisfying its potential obligations. See, Interpetrol Bermuda Ltd. v. Trinidad and Tobago Oil Co. Ltd., 135 Misc.2d 160, 513 N.Y.S.2d 598 (N.Y. Cty. 1987)(vacating prior attachment because defendant demonstrated that it was an ongoing entity and had not transferred or secreted assets for the purpose of frustrating creditors).

Claimants alleged that Great Eastern is defunct and, in support of this position, produced an eight-month-old financial statement. (See Duggan Cert., Exhibit A) Claimants point to the poor financial results and, without any analysis, jump to the conclusion that assets are being dissipated because the cash balance is not as high as Claimants believe it should be.  The weakness in their case is set forth on page 5 of the Motion to Escrow where Claimants ask: "One must ask how this money disappeared from Great Eastern's coffers so quickly." (Duggan Cert., Exhibit A).

When seeking an attachment, one must do more than pose a question; one must actually prove that assets are being disposed of or encumbered.  A party is never entitled to an attachment as a matter of right.  Katz Agency, Inc. v. Evening News Association, 514 F. Supp. 423, 429 (S.D.N.Y. 1981).  Indeed, it is an abuse of the attachment procedure to use it as a form of guarantee for the receipt of future, unproven damages.  As stated in Erickson, "C.P.L.R. 7502(c) does not entitle petitioners to a guaranty that their awards following arbitration will be satisfied." Erickson, 630 N.Y.S.2d at 863.  Yet here, such a guaranty is precisely what Claimants seek to obtain.

Since the NASD Arbitrators ignored well-defined, explicit and clearly applicable legal authority, the Interim Order should be vacated.

**C.   The arbitrators failed to consider the impact on Great Eastern as required under the law.**

The Panel failed to engage in the balance of the equities between the parties prior to granting the pre-hearing escrow order.  In doing so, the NASD Panel failed to consider how the Interim Order would impact Great Eastern - a clear requirement for the imposition of an injunction.  The financial statement attached to the Motion to Escrow as Exhibit D clearly shows that Great Eastern does not have sufficient cash on hand to immediately deposit $479,000.  More important, the financial statement shows that if Great Eastern is required to escrow the funds, it will be out of business.

An order of attachment would continue this pointless interruption of Great Eastern's good faith efforts to run its business and pay its creditors.  See Haggiag v. Brown, 728 F. Supp. 286, 291 (S.D.N.Y. 1990)(concluding that application for preliminary injunction restraining transfer of any assets of corporation was "inappropriate and unwarranted [because it] would likely worsen the current condition of [the corporation] rather than improve it"); Interpetrol Bermuda Ltd. v. Trinidad and Tobago Oil Co. Ltd., 135 Misc.2d 160, 513 N.Y.S.2d 598 (N.Y. Cty. 1987)(holding that hardship to the corporate defendant is reason for vacating attachment).

The NASD Arbitrators failed to take into account the impact of the Interim Order on Great Eastern as required under New York law and, accordingly, the interim order should be vacated.

## POINT THREE

**Claimants are Not Entitled to An Award of Attorneys Fees As Concerns the Pending Petition to Vacate and Their Own Cross-Motion to Confirm the Interim Award.**

Great Eastern has filed its petition to vacate the Interim Award in good faith and the application could hardly be considered "frivolous."  The issue of whether the NASD Code and/or CPLR §7502(c) requires parties to seek the injunctive relief pursuant to the regulation within the

12

courts is a case of first impression.  We have not found, and assume that Claimants have not found, a single case that deals with the application of CPLR §7502(c) by a NASD arbitration panel. Accordingly, the issue is ripe for consideration and, recognition of the general favor afforded the arbitration forum aside, the issue of whether a party can seek the extraordinary relief authorized by CPLR §7502(c) in aid of arbitration within the arbitration forum - rather than within the courts - is a viable issue.  Moreover, given the NASD Code provisions, the fact that the agreements of the parties do not authorize the posting of pre-hearing escrow, and the fact that injunctive relief is typically, if not solely, sought within the law courts and not before NASD panels, this Petition is clearly relevant.

Attorneys fees are not warranted against either party in this matter as there has been no bad faith refusal to comply with the arbitrators' decision; nor was this appeal taken in bad faith or on a frivolous basis.  See, Blue Sympathy Shipping Co., Ltd. v. Serviocean Int'l, S.A., 1994 WL 597144 (S.D.N.Y. 1994) citing, Merit Ins. Co. v. Leatherby Ins. Co., 737 F.2d 580, 582 (7th Cit. 1984)(award of attorneys' fees not warranted in absence of bad faith or clear evidence that motion to vacate was taken on frivolous basis).  Accordingly, Claimant's request for fees as relates to this matter should be denied in its entirely.

13

## <u>CONCLUSION</u>

For the foregoing reasons, and based upon the reasoning set forth in Great Eastern's initial brief in support of its motion to vacate, it is most respectfully submitted that NASD Panel's interim award  be vacated in its entirety.

Respectfully submitted,

STARK & STARK
A Professional Corporation


By:  /s/ Timothy P. Duggan
TIMOTHY P. DUGGAN (TD-3231)
993 Lenox Drive
Lawrenceville, NJ 08648
Tele: (609) 896-9060
Fax: (609) 895-7395
E-Mail: tduggan@stark-stark.com
Attorneys for Plaintiff, Great Eastern Securities, Inc.


Dated: October 5, 2006