UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
GREAT EASTERN SECURITIES, INC.,

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/20/2006
```

                    Petitioner-Respondent,

          -against-                          06 Civ. 6667 (DAB)
                                             MEMORANDUM & ORDER

GOLDENDALE INVESTMENTS, LTD.
and SILVERSTEIN INVESTMENTS, LTD.,

                    Respondents-Cross-Petitioners.
--------------------------------------X
DEBORAH A. BATTS, United States District Judge.

     Petitioner-Respondent, Great Eastern Securities, Inc.

("Great Eastern"), brought this action, pursuant to 9 U.S.C. §

10(a)(4), to vacate an Interim Order issued on August 25, 2006 by

a National Association of Securities Dealers, Inc. ("NASD")

Arbitration Panel.  Great Eastern contends that the Interim

Order, directing it to place $479,424.80 in escrow pending

conclusion of the arbitration proceeding between the parties,

exceeded the Arbitration Panel's authority and was made in

manifest disregard of the law.  Respondents-Cross-Petitioners,

Goldendale Investments, Ltd. and Silverstein Investments, Ltd.

("Goldendale and Silverstein"), cross-move to confirm the Interim

Order, pursuant to 9 U.S.C. § 9.  For the reasons set forth

below, the Court GRANTS the cross-motion for confirmation of the

Interim Order.  Great Eastern's Petition to Vacate is DENIED.

BACKGROUND

Goldendale and Silverstein deposited approximately $1 million in brokerage accounts through Great Eastern and traded securities in 400 separate transactions.  (Goldendale and Silverstein's Memorandum of Law at 3.)  Great Eastern charged Goldendale and Silverstein approximately $12,000 in commission pursuant to an agreement between them.  (Id.)  Goldendale and Silverstein claim that when they requested that a portion of their funds be withdrawn from their accounts, Great Eastern refused to comply.  (Id.)  Great Eastern subsequently charged Goldendale and Silverstein approximately $480,000 in allegedly fraudulent commission charges.  (Declaration of Eduard Korsinsky at Ex. 7.)  Goldendale and Silverstein allege that the additional charges amounted to "outright theft" by Great Eastern. (Goldendale and Silverstein's Memorandum of Law at 3.) Goldendale and Silverstein commenced an arbitration proceeding against Great Eastern on November 17, 2005 before a three-person NASD Arbitration Panel to recover approximately $480,000.  (Id.)

Concerned about Great Eastern's solvency, Goldendale and Silverstein moved the Arbitration Panel issue an interim order directing Great Eastern to escrow at least $479,424.80 pending resolution of the arbitration proceeding.  (Id. at 4.)  The

2

parties submitted written briefings and held a telephonic hearing on the motion to escrow.  (Id. at 4-5.)  The Arbitration Panel afforded the parties an opportunity to make additional written submissions to support their legal arguments following the hearing.  (Id. at 5.)  On August 25, 2006, the Arbitration Panel granted Goldendale and Silverstein's motion to escrow in an Interim Order.  (Id.)  Great Eastern, however, did not comply with the Interim Order and instead filed this Petition to Vacate on September 1, 2006.  (Id.)

DISCUSSION

A.   Vacatur of an Arbitration Award

The FAA provides that an arbitration award may be vacated if:  (1) the award was procured by corruption, fraud, or undue means; (2) the arbitrators exhibited "evident partiality" or "corruption"; (3) the arbitrators were guilty of misconduct; or (4) the arbitrators exceeded their authority.  See 9 U.S.C. § 10(a); Halligan v. Piper Jaffray, Inc., 148 F.3d 197, 202 n.2 (2d Cir. 1998), cert. denied, 526 U.S. 1034 (1999).  In addition to the statutory grounds for vacatur under 9 U.S.C. § 10, the Second Circuit permits vacatur if an arbitrator exhibits a "manifest disregard of law."  See Duferco Int'l Steel Trading v. T.

3

Klaveness Shipping, 333 F.3d 383, 388 (2d Cir. 2003); see also

Goldman v. Architectural Iron. Co., 306 F.3d 1214, 1216 (2d Cir.

2002).

         1.    Exceeding Authority

     Courts in this Circuit have been reluctant to vacate interim

arbitration orders aimed at preserving the ability of parties to

pay any final awards that result from the arbitration

proceedings.  See Matter of the Arbitration between The East

Asiatic Company, Ltd, v. Transamerican Steamship Corporation,

1987 US Dist LEXIS 8848 (S.D.N.Y. 1987) (finding that an interim

order directing a party to deposit money into an interest-bearing

joint escrow account, pending the arbitrator's final

determination of the dispute, did not exceed the arbitrator's

authority); Compania Chilena de Navegacion Interoceanica, S.A. v.

Norton, Lilly & Co., 652 F. Supp. 1512 (S.D.N.Y. 1987) (finding

that an interim order directing a party to post a bond

guaranteeing an agent's performance of any final arbitration

award did not exceed the arbitrator's authority).

     Great Eastern contends that the Court should vacate the

interim order because the Arbitration Panel exceeded its

authority and showed manifest disregard for the law.  (Great

Eastern's Memorandum of Law at 6.)  It does not appear to the

Court, however, that the Arbitration Panel exceeded its authority
by ordering Great Eastern to escrow $479,424.80, the amount at
issue in the arbitration proceedings.  Arbitrators have the
ability to fashion equitable remedies and in this case it was
reasonable for the Arbitration Panel to order Great Eastern to
escrow funds, pending completion of the arbitration proceedings,
given the concern over the company's solvency.

        2.   Manifest Disregard of the Law

In addition to the statutory grounds available under 9
U.S.C. § 10(a), courts can vacate arbitration decisions where
they were made in manifest disregard of the law.  Manifest
disregard of the law "presupposes something beyond and different
from a mere error in the law or failure on the part of the
arbitrators to understand or apply the law."  Saxis S.S. Co. v.
Multifacs International Traders, Inc., 375 F.2d 577, 582 (citing
San Martine Compania de Navegacion v. Saguenay Terminals Ltd.,
293 F.2d 796, 801 (9th Cir. 1961)).  "A decision should be upheld
even though there might be an underlying misinterpretation of the
law."  Maidman v. O'Brien, 473 F. Supp 25, 27 (S.D.N.Y. 1979).
"The court must find that although the arbitrator was aware of a
clearly governing legal principle he consciously decided to
ignore it" in order to vacate the award.  Cemetery Workers &

<u>Greens Attendants Union, Local 365 v. Woodlawn Cemetery</u>, 1995

U.S. Dist. LEXIS 7442 at *6 (S.D.N.Y. 1995); <u>See also</u> <u>Merrill,</u>

<u>Lynch, Pierce, Fenner & Smith, Inc. v. Bobker</u>, 808 F.2d 930, 933

(2d Cir. 1986); <u>Siegel v. Titan Indus. Corp.</u>, 779 F.2d 891, 893

(2d Cir. 1985).

Great Eastern argues that the arbitration panel acted in

manifest disregard of the law by incorrectly applying New York

CPLR § 7502(c) in issuing an escrow order and by failing to take

into consideration the possibility that Great Eastern might be

put out of business if it was required to escrow funds.   The

Court notes that the Arbitration Panel allowed the parties ample

opportunity to advance their arguments through written

submissions and a telephonic hearing.   The Arbitration Panel

apparently found Goldendale and Silverstein's position more

persuasive.

A party seeking the vacatur of an arbitration award on the

grounds of manifest disregard of the law must carry a heavy

burden given that courts "are not at liberty to set aside an

arbitration panel's award because of an arguable difference

regarding the meaning or applicability of laws urged upon it."

<u>Merrill Lynch, Piece, Fenner & Smith, Inc. v. Bobker</u>, 808 F.2d

930, 934 (2d Cir. 1986).   The Court finds that Great Eastern has

6

not satisfied this burden.  There is simply no indication here

that there was a "clearly governing legal principle" that the

Arbitration Panel "consciously decided to ignore".  <u>Cemetery

Workers & Greens Attendants Union</u>, 1995 U.S. Dist. LEXIS 7442 at

*6.

Great Eastern also asserts that the Arbitration Panel's

purported failure to consider the financial impact that the

escrow order would have on it constituted manifest disregard of

the law.  This claim too is unpersuasive.  Arbitration panels are

permitted to order interim security awards even where such

measures may harm a company's financial stability.  <u>See</u> <u>British

Ins. Co. of Cayman v. Water Street Ins. Co., Ltd.</u>, 93 F. Supp. 2d

506, 513, n.9 (S.D.N.Y. 2000) (confirming interim security award

even though respondent argued that it "equals approximately 85%

of the available assets of Water Street, and about 140% of its

net worth and would have the effect of putting Water Street out

of business [and] would provide BICC with an unwarranted

preference over all policyholders of Water Street") (internal

quotations omitted)(brackets in original); <u>see also</u> <u>Blue Sympathy

Shipping Co. Ltd. v. Serviocean Int'l, S.A.</u>, 1994 WL 597144, at

*2 (S.D.N.Y. 1994) (confirming interim security award despite

respondent's representation it was "financially incapable of

7

posting the security"). Indeed, "a party's financial inability to pay has never been the basis for declining to confirm an arbitration award." Cragwood Managers, LLC v. Reliance Ins. Co., 132 F.Supp.2d 285, 287 (S.D.N.Y. 2001); see also Hotel, Motel & Restaurant Employees & Bartenders Union, Local, 731 F. Supp. 88, 92 (N.D.N.Y. 1990) (citing Forum Ins. Co. v. First Horizon Ins. Co., 1989 U.S. Dist. LEXIS 6631 at *20 (N.D. Ill. 1989). Accordingly, the Court finds that Arbitration Panel's Interim Order was not made in manifest disregard of the law.

B.   Confirmation of an Interim Arbitration Award

The FAA only permits a federal court to confirm or vacate an arbitration award that is "final". See E.B. Michaels v. Mariforum Shipping, S.A., 624 F.2d 411, 414 (2d Cir. 1980); see also 9 U.S.C. § 10(a)(4). An interim arbitration award is sufficiently final if it "finally and definitely disposes of a separate independent claim" even though "it does not dispose of all the claims that were submitted to arbitration." Metallgesellschaft A.G. v. M/V Capitan Constante, 790 F.2d 280, 283 (2d Cir. 1986); see also Zephyros Maritime Agencies, Inc. v. Mexicana De Cobre, S.A., 662 F.Supp 892, 894 (S.D.N.Y. 1987) ("[A]n interim award that finally and definitely disposes of a

separate, independent claim may be confirmed 'notwithstanding
the absence of an award that finally disposes of all claims that
were submitted to arbitration.'") (quoting Eurolines Shipping
Co., S.A. v. Metal Transport Corp., 491 F. Supp. 590, 592
(S.D.N.Y. 1980)).

Courts in this Circuit have generally treated interim
arbitration awards that order parties to post some type of
prejudgment security, pending the completion of the arbitration
proceedings, as sufficiently final to allow for federal court
review.  See Atlas Assurance Co. of Am. v. American Centennial
Ins. Co., 1991 WL 4741, at *2-*3 (S.D.N.Y. 1991) (confirming
interim award directing defendant to fund an escrow account for
the benefit of the successful party as determined in the final
award); Konkar Maritime Enterprises v. Compagnie Belge
D'Affretement, 668 F.Supp. 267, 272 (S.D.N.Y. 1987) (confirming
arbitrators' interim order to establish jointly-held escrow
account that was intended to establish "security for enforcement
of an award in the event that respondent was found liable");
Sperry Int'l Trade v. Government of Israel, 532 F.Supp. 901, 909
(S.D.N.Y.1982), aff'd, 689 F.2d 301 (2d Cir. 1982) (holding that
arbitrators' order directing defendant to place a letter of
credit in escrow pending a final determination of the parties

contentions was "a final Award on a clearly severable issue"
that was "clearly subject to confirmation"). Accordingly, the
Court finds that the August 25, 2006 Interim Order issued by the
Arbitration Panel, ordering that funds be placed in escrow
pending an outcome on the merits of the arbitration proceeding,
was sufficiently final to be reviewed under the FAA.

Confirmation of an arbitration award under Section 9 of the
FAA, 9 U.S.C. § 9, is "a summary proceeding that merely makes
what is already a final arbitration award a judgment of the
Court." Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d
Cir. 1984). Section 9 also requires that a court, upon timely
application by any party, must grant an order confirming the
arbitration award, unless the award is vacated, modified or
corrected as set forth in sections 10 and 11 of the FAA. See 9
U.S.C. § 9; Marsillo v. Geniton, 2004 WL 12097925 at *4
(S.D.N.Y. 2004). A district court's review of an arbitration
award is very limited "in order to avoid undermining the twin
goals of arbitration, namely, settling disputes efficiently and
avoiding long and expensive litigation." Willemijn
Houdstermaatschappij, BV v. Standard Microsystems Corp., 103
F.3d 9, 12 (2d Cir. 1997) (quoting Folkways Music Publishers v.
Weiss, 989 F.2d 108, 111 (2d Cir. 1993)). In its review, the

10

district court is limited to examining whether "the arbitrator's award falls within the four corners of the dispute as submitted to him." Fiat v. Ministry of Fin. And Planning of Republic of Suriname, 1989 WL 122891, at *4 (S.D.N.Y. 1989) (quoting Orion Shipping and Trading Co. v. Eastern States Petroleum Corp., 312 F.2d 299, 300 (2d Cir. 1963)).

Indeed, none of the statutory grounds for vacation, modification or correction included in the FAA relate to the underlying merits of an arbitration award. See 9 U.S.C. §§ 10, 11; Florasynth, 750 F.2d at 176 ("The grounds for vacation are narrow. Courts may not question provisions of the award itself; rather, they may vacate only for conduct that has prejudiced the rights of the parties."). Moreover, "the showing required to avoid summary confirmation is high." Ottley v. Schwartzberg, 819 F.2d 373, 376 (2d Cir. 1987); see also National Bulk Carriers, Inc. v. Princess Management Co., 597 F.2d 819, 825 (2d Cir. 1979) ("only clear evidence of impropriety justifies a denial of summary confirmation.") (internal quotations omitted).

Applying this deferential standard of review, the Court finds nothing improper about the Arbitration Panel's Interim Order. Accordingly, the Court finds no reason why the Interim Order should not be confirmed.

11

CONCLUSION

For the reasons stated above, Great Eastern's Petition is DENIED.   The Arbitration Panel's August 25, 2006 Interim Order is hereby CONFIRMED.   The parties are each to bear their own costs and attorneys' fees.   The Clerk of the Court is directed to enter judgment accordingly and close the docket in the above-captioned case.

SO ORDERED.

Dated:    New York, New York
          December 20, 2006

                                    _Deborah A. Batts_
                                    DEBORAH A. BATTS
                                    United States District Judge

12